*Judge Berman*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

07 CV 5548

----------------------------------------------------------------X

MAURICE JOHNSON,

                        Plaintiff,

-against-

CITY OF POUGHKEEPSIE, RICHARD WILSON, ERICK THIELE,
and JOHN DOE and RICHARD ROE, individually and
in their official capacities, (the names John Doe and Richard Roe
being fictitious, as the true names are presently unknown),

                      Defendants,

**COMPLAINT**

Index No.

Jury Trial Demanded

JUN 11 2007

----------------------------------------------------------------X

      Plaintiff MAURICE JOHNSON, by his attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully alleges as follows:

### Preliminary Statement

1. Plaintiff brings action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of State of New York and the United States, as well as New York State common law.

### JURISDICTION

2. The action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

### VENUE

4. Venue is properly laid in the Southern District of New York under 28 U.S.C. §

1

1391(b), in that it is the District in which the claim arose and insofar as the defendants are subject to personal jurisdiction in this District.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff MAURICE JOHNSON is a citizen of the United States, and at all relevant times a resident of the City of Poughkeepsie, New York.

7. Defendant CITY OF POUGHKEEPSIE was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF POUGHKEEPSIE maintains the CITY OF POUGHKEEPSIE POLICE DEPARTMENT, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF POUGHKEEPSIE.

9. That at all times hereinafter mentioned, the individually named defendants, RICHARD WILSON, ERIK THIELE, and JOHN DOE and RICHARD ROE, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York or the CITY OF POUGHKEEPSIE.

11. Each and all of the acts of the defendants alleged herein were done by said

defendants while acting within the scope of their employment by defendant CITY OF POUGHKEEPSIE.

12. Each and all of the acts of the defendant alleged herein were done by said defendants while acting in furtherance of their employment by defendant CITY OF POUGHKEEPSIE.

## FACTS

13. On April 13, 2006 at approximately 6:00 p.m., plaintiff MAURICE JOHNSON was a lawfully present in the vicinity of 84 Academy Street, in the City of Poughkeepsie, County of Dutchess, and State of New York.

14. At the aforesaid time and place, the defendants, members of the CITY OF POUGHKEEPSIE Police Department, acting under color of law, unlawfully and without reasonable suspicion or any just cause unlawfully stopped and threatened the plaintiff at gunpoint inside the store located at the above location.

15. Plaintiff was thereafter battered by defendant Wilson, who repeatedly threatened the plaintiff with physical harm despite the lack of justification.

16. Plaintiff was thereafter assaulted and battered by the defendants outside the above location, when they unlawfully grabbed the plaintiff, threw the plaintiff to the ground, and struck the plaintiff with a City of Poughkeepsie tazer gun, causing the plaintiff to be subjected to severe pain and shock.

17. Plaintiff was thereafter handcuffed by the officers, and taken against his will and without any probable cause to the City of Poughkeepsie Police Department headquarters.

18. At the City police facility, plaintiff was subjected to further physical abuse when he was maliciously lifted and dragged by his handcuffs, causing severe pain to plaintiff's wrists.

19. Plaintiff was thereafter detained in a holding cell, while the defendants conspired together to concoct false charges that were intended to cover up their acts of abuse and brutality.

20. Plaintiff was thereafter detained at the Dutchess County Jail.

21. Plaintiff was held in custody until he was released on his own recognizance after he was arraigned on the false and misleading charges that were sworn to by the defendants.

22. The defendants initiated, commenced and continued a malicious prosecution against the plaintiff, by, among other things, lying to the Dutchess County District Attorney's office, and ultimately testifying falsely against the plaintiff at a trial that took place from September 18, 2006 through September 21, 2006. During the pendency of the prosecution, plaintiff was required to comply with the conditions of supervised release, and was otherwise deprived of his liberty. At the conclusion of the trial, the criminal proceedings terminated in favor of the plaintiff via the determination of a jury that plaintiff should be acquitted.

23. As a result of the foregoing, plaintiff MAURICE JOHNSON sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights under 42 U.S.C. § 1983)

24. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "23" with the same force and effect as if fully set forth herein.

25. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

26. All of the aforementioned acts deprived plaintiff MAURICE JOHNSON of the

rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United of America, and in violation of 42 U.S.C. §1983.

27. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

28. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF POUGHKEEPSIE and the City of Poughkeepsie Police Department, all under the supervision of ranking officers of said department.

29. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

### AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest under 42 U.S.C. § 1983)

30. Plaintiff repeats, reiterate and realleges each and every allegation contained in paragraphs numbered "1" through "29" with the same force and effect as if fully set forth herein.

31. The defendants confined the plaintiff MAURICE JOHNSON against his will and without any probable cause or privilege.

32. As a result of the foregoing, plaintiff MAURICE JOHNSON's constitutional right to be free from false arrest was violated.

### AS AND FOR A THIRD CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

33. Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34. Plaintiff was subjected to excessive force.

35. As a result of the aforementioned conduct of defendants, plaintiff's constitutional right to be free from excessive force was violated.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

36. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37. Defendants had an affirmative duty to intervene on behalf of plaintiff MAURICE JOHNSON, whose constitutional rights were being violated in their presence by other officers.

38. The defendants failed to intervene to prevent the unlawful conduct described herein.

39. As a result of the foregoing, plaintiff MAURICE JOHNSON'S liberty was restricted for an extended period of time, he was put in fear of his safety, he was humiliated and subjected to handcuffing and other physical restraints, and subjected to excessive force.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

40. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41. Defendants maliciously issued criminal process against plaintiff MAURICE JOHNSON by causing him to be prosecuted via a criminal court complaint in connection with the incident of April 13, 2006.

42. Defendants caused plaintiff MAURICE JOHNSON to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up

their acts of brutality and abuse of authority.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983)

43. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44. Defendants initiated commenced and continued a malicious prosecution against plaintiff MAURICE JOHNSON.

45. Defendants caused plaintiff MAURICE JOHNSON to be prosecuted without any probable cause until all the charges were dismissed and sealed via an acquittal by a jury on September .

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

46. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

48. The aforementioned customs, policies, usages, practices, procedures and rules of the CITY OF POUGHKEEPSIE included, but were not limited to, inappropriate use of the tazer gun and the use of excessive force. In addition, the CITY OF POUGHKEEPSIE engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff MAURICE JOHNSON'S rights as described herein. As a result of the failure of the CITY OF POUGHKEEPSIE to properly recruit, screen, train, discipline, and supervise its officers, including the individual

defendants, defendant CITY OF POUGHKEEPSIE has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

49.  The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF POUGHKEEPSIE and the City of Poughkeepsie Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff MAURICE JOHNSON.

50.  The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF POUGHKEEPSIE and the City of Poughkeepsie Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff MAURICE JOHNSON as alleged herein.

51.  The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF POUGHKEEPSIE and the City of Poughkeepsie Police Department were the moving force behind the Constitutional violations suffered by plaintiff MAURICE JOHNSON as alleged herein.

52.  As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF POUGHKEEPSIE and the City of Poughkeepsie Police Department, plaintiff MAURICE JOHNSON was unlawfully arrested, prosecuted, 0assaulted and battered.

53.  Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff MAURICE JOHNSON'S constitutional rights.

54.  All of the foregoing acts by defendants deprived plaintiff MAURICE JOHNSON of federally protected rights, including, but not limited to, the right:

    A.  Not to be deprived of liberty without due process of law;

  B. To be free from the use of excessive force;

  C. To be free from false arrest;

  D. To be free from malicious prosecution;

  E. To be free from malicious abuse of process;

  F. To be free from the failure to intervene.

55. As a result of the foregoing, plaintiff MAURICE JOHNSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## Supplemental State Law Claims

56. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57. Within ninety (90) days after the claims herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF POUGHKEEPSIE, a Notice of Claim and a Supplemental Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

58. The CITY OF POUGHKEEPSIE has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

59. The action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

60. Plaintiff has complained with all conditions precedent to maintaining the instant action.

61. Their action falls within one or more of the exceptions as outlined in C.P.L.R.

1602.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

62. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

63. As a result of the foregoing, plaintiff MAURICE JOHNSON was placed in apprehension of imminent harmful and offensive bodily contact.

64. As a result of defendant's conduct, plaintiff MAURICE JOHNSON has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## AS AND FOR A NINTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

65. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "64" with the same force and effect as if fully set forth herein.

66. Defendants made offensive contact with plaintiff without privilege or consent.

67. As a result of defendant's conduct, plaintiff MAURICE JOHNSON has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## AS AND FOR A TENTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

68. Plaintiff repeats, reiterates and each and every allegation contained in paragraphs numbered "1" through "67" with the same force and effect as if fully set forth herein.

69. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

70. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF POUGHKEEPSIE.

71. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF POUGHKEEPSIE.

72. The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff MAURICE JOHNSON.

73. As a result of the aforementioned conduct, plaintiff MAURICE JOHNSON suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

74. Plaintiff repeats, reiterate and realleges each and every allegation contained in paragraphs numbered "1" through "73" with the same force and effect as if fully set forth herein.

73. The defendants falsely imprisoned the plaintiff MAURICE JOHNSON against his will without any probable cause.

75. As a result of the foregoing, plaintiff MAURICE JOHNSON was subjected to false arrest in violation of New York State common law and the New York State Constitution.

## AS AND FOR A TWELFTH CAUSE OF ACTION
(Malicious Abuse of Process under the laws of the State of New York)

76. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "75" with the same force and effect as if fully set forth herein.

77. Defendants maliciously issued criminal process against plaintiff MAURICE JOHNSON by causing him to be prosecuted via a criminal court complaint in connection with the incidents of April 13, 2006.

78.  Defendants caused plaintiff MAURICE JOHNSON to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their acts of brutality and abuse of authority.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Malicious Prosecution under the laws of the State of New York)

79.  Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "78" with the same force and effect as if fully set forth herein.

80.  Defendants initiated commenced and continued a malicious prosecution against plaintiff MAURICE JOHNSON.

81.  Defendants caused plaintiff MAURICE JOHNSON to be prosecuted with probable cause until the charges were dismissed and sealed on September 21, 2006.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

82.  Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph numbered "1" through "81" with the same force and effect as if fully set forth herein.

83.  Upon information and belief, defendant CITY OF POUGHKEEPSIE failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff MAURICE JOHNSON.

84.  Defendant CITY OF POUGHKEEPSIE knew or should have know in the exercise of reasonable care the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in the Complaint.

### AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

85.  Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs numbered "1" through "84" with the same force and effect as if fully set forth herein.

86. Upon information and belief the defendant CITY OF POUGHKEEPSIE failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of plaintiff MAURICE JOHNSON.

### AS AND FOR AN SIXTEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

87. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "86" with the same force and effect as if fully set forth herein.

88. Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF POUGHKEEPSIE and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

### AS AND FOR AN SEVENTEENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of POUGHKEEPSIE)

89. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "88" with the same force and effect as if fully set forth herein.

90. Defendant CITY OF POUGHKEEPSIE is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

91. As a result of the foregoing, plaintiff MAURICE JOHNSON is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of their action.

**WHEREFORE,** plaintiff MAURICE JOHNSON demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury:

(B) punitive damages in an amount to be determined by a jury:

(C) reasonable attorney's fees and the costs and disbursements of their action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
      June 8, 2007

>                    LEVENTHAL & KLEIN, LLP
>                    45 Main St., Suite 820
>                    Brooklyn, New York 11201
>                    (718) 722-4100
>                    By: _____
>                        BRETT H. KLEIN (BK4744)
>
>                    Attorneys for Plaintiff MAURICE JOHNSON

UNITED STATES DISTRICT COURT
SOURTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

MAURICE JOHNSON,

                                      Plaintiff,

    -against-

CITY OF POUGHKEEPSIE, RICHARD WILSON, ERICK THIELE,
and JOHN DOE and RICHARD ROE, individually and
in their official capacities, (the names John Doe and Richard Roe
being fictitious, as the true names are presently unknown),

                                      Defendants,

------------------------------------------------------------------------X

## COMPLAINT

LEVENTHAL & KLEIN, LLP
Attorneys for Plaintiff Maurice Johnson
45 Main Street, Suite 820
Brooklyn, New York 11201
(718) 722-4100