8915-0025/kag

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
MAURICE JOHNSON,

                           Plaintiff,        **ANSWER**

  -against-                      07 CIV 5548 (RMB)

CITY OF POUGHKEEPSIE, RICHARD WILSON, ERICK THIELE, and JOHN ROE and RICHARD DOE, individually and in their official capacities, (the names John Doe and Richard Roe being fictitious, as the true names are presently unknown),

                           Defendants.
------------------------------------------------------------------------x

      The defendants by their attorneys, McCabe & Mack, LLP, as and for their answer to the complaint of the plaintiff respectfully show to the Court and allege as follows:

### PRELIMINARY STATEMENT

      1.     With regard to paragraph "1" of the complaint, neither admit nor deny the statements for they state conclusions of law.

### JURISDICTION

      2.     With regard to paragraph "2" of the complaint, neither admit nor deny the statements for they state conclusions of law.

      3.     With regard to paragraph "3" of the complaint, neither admit nor deny the statements for they state conclusions of law.

### VENUE

      4.     With regard to paragraph "4" of the complaint, neither admit nor deny the statements for they state conclusions of law.

8915-0025/kag

## JURY DEMAND

5. With regard to paragraph "5" of the complaint, neither admit nor deny for it is a demand improperly contained in the complaint.

## PARTIES

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph numbered "6" of the complaint.

7. With regard to paragraph "8" of the complaint, admit that the City of Poughkeepsie is a municipality organized under the laws of the State of New York.

8. With regard to paragraph "9" of the complaint, admit that RICHARD WILSON and ERIK THIELE were duly sworn police officers of said department and were acting according to their official duties. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs numbered "9" of the complaint as to JOHN DOE and RICHARD ROE.

9. With regard to paragraph "10" of the complaint, neither admit nor deny for it states a conclusion of law.

## FACTS

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs numbered "13" of the complaint.

11. Denies those allegations contained in paragraphs numbered "14", "15", "22" and "23" of the complaint.

12. With regard to paragraph "16" of the complaint, admits only to the extent that plaintiff had to be tazered as a result of his resisting a lawful arrest.

13. With regard to paragraph "17" of the complaint, denies to the extent that plaintiff was arrested without probable cause on the subject date.

8915-0025/kag

14.     With regard to paragraph "18" of the complaint, denies all allegations of fact and refers all questions of law concerning the defendants' intent to the court.

15.     With regard to paragraph "19" of the complaint, admits only to the extent that plaintiff was detained in a holding cell.

16.     With regard to paragraph "21" of the complaint, admits to the extent that plaintiff was held in custody until he was released on his own recognizance after he was arraigned.

## FEDERAL CLAIMS

### AS TO THE FIRST CAUSE OF ACTION
(Deprivation of Rights under 42 U.S.C. §1983)

17.     Repeats, reiterates and realleges each and every denial to each and every allegation contained in paragraphs numbered "1" through "23" and incorporated by reference in paragraph "24" of the complaint as if the same were more fully set forth herein at length.

18.     Denies those allegations contained in paragraphs numbered "25", "26", "28" and "29" of the complaint.

19.     With regard to paragraph "27" of the complaint, neither admits nor denies for it states a conclusion of law.

### AS TO THE SECOND CAUSE OF ACTION
(False Arrest under 42 U.S.C. §1983)

20.     Repeats, reiterates and realleges each and every denial to each and every allegation contained in paragraphs numbered "1" through "29" and incorporated by reference in paragraph "30" of the complaint as if the same were more fully set forth herein at length.

21.     With regard to paragraph "31" of the complaint, denies to the extent that plaintiff's confinement was without probable cause or privilege.

8915-0025/kag

22. Denies those allegations contained in paragraph numbered "32" of the complaint.

## AS TO THE THIRD CAUSE OF ACTION
(Excessive Force under 42 U.S.C. §1983)

23. Repeats, reiterates and realleges each and every denial to each and every allegation contained in paragraphs numbered "1" through "32" and incorporated by reference in paragraph "33" of the complaint as if the same were more fully set forth herein at length.

24. Denies those allegations contained in paragraphs numbered "34" and "35" of the complaint.

## AS TO THE FOURTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. §1983)

25. Repeats, reiterates and realleges each and every denial to each and every allegation contained in paragraphs numbered "1" through "35" and incorporated by reference in paragraph "36" of the complaint as if the same were more fully set forth herein at length.

26. With regard to paragraph "37" of the complaint, denies all allegations of fact and refers all questions of law to the court.

27. Denies those allegations contained in paragraphs numbered "38" and "39" of the complaint.

## AS TO THE FIFTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. §1983)

28. Repeats, reiterates and realleges each and every denial to each and every allegation contained in paragraphs numbered "1" through "39" and incorporated by reference in paragraph "40" of the complaint as if the same were more fully set forth herein at length.

29. With regard to paragraph "41" of the complaint, admits only to the extent that a criminal proceeding was initiated against plaintiff for the incidents of April 13, 2006, and refers all questions of law to the court.

8915-0025/kag

30. Denies those allegations contained in paragraph numbered "42" of the complaint.

## AS TO THE SIXTH CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. §1983)

31. Repeats, reiterates and realleges each and every denial to each and every allegation contained in paragraphs numbered "1" through "42" and incorporated by reference in paragraph "43" of the complaint as if the same were more fully set forth herein at length.

32. Denies those allegations contained in paragraphs numbered "44" and "45" of the complaint.

## AS TO THE SEVENTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. §1983)

33. Repeats, reiterates and realleges each and every denial to each and every allegation contained in paragraphs numbered "1" through "45" and incorporated by reference in paragraph "46" of the complaint as if the same were more fully set forth herein at length.

34. Denies those allegations contained in paragraphs numbered "47", "48", "49", "50", "51", "52", "53", "54" and "55" of the complaint.

## Supplemental State Law Claims

35. Repeats, reiterates and realleges each and every denial to each and every allegation contained in paragraphs numbered "1" through "55" and incorporated by reference in paragraph "56" of the complaint as if the same were more fully set forth herein at length.

36. With regard to paragraph "57" of the complaint, neither admits nor denies the allegation and refers the court to the document for its content and import.

37. Denies those allegations contained in paragraphs numbered "58", "60" and "61" of the complaint.

8915-0025/kag

### AS TO THE EIGHTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

38. Repeats, reiterates and realleges each and every denial to each and every allegation contained in paragraphs numbered "1" through "61" and incorporated by reference in paragraph "62" of the complaint as if the same were more fully set forth herein at length.

39. Denies those allegations contained in paragraphs numbered "63" and "64" of the complaint.

### AS TO THE NINTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

40. Repeats, reiterates and realleges each and every denial to each and every allegation contained in paragraphs numbered "1" through "64" and incorporated by reference in paragraph "65" of the complaint as if the same were more fully set forth herein at length.

41. Denies those allegations contained in paragraphs numbered "66" and "67" of the complaint.

### AS TO THE TENTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

42. Repeats, reiterates and realleges each and every denial to each and every allegation contained in paragraphs numbered "1" through "67" and incorporated by reference in paragraph "68" of the complaint as if the same were more fully set forth herein at length.

43. With regard to paragraph "69" of the complaint, denies all allegations of fact and refers all questions of law to the court.

44. With regard to paragraph "70" and "71" of the complaint, admit only that defendants were acting within the scope of employment and denies all allegations of misconduct.

8915-0025/kag

45. Denies those allegations contained in paragraphs numbered "72" and "73" of the complaint.

### AS TO THE ELEVENTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

46. Repeats, reiterates and realleges each and every denial to each and every allegation contained in paragraphs numbered "1" through "73" and incorporated by reference in paragraph "74" of the complaint as if the same were more fully set forth herein at length.

47. Denies those allegations contained in paragraphs numbered "73" (sic) and "75" of the complaint.

### AS TO THE TWELFTH CAUSE OF ACTION
(Malicious Abuse of Process under the laws of the State of New York)

48. Repeats, reiterates and realleges each and every denial to each and every allegation contained in paragraphs numbered "1" through "75" and incorporated by reference in paragraph "76" of the complaint as if the same were more fully set forth herein at length.

49. With regard to paragraph "77" of the complaint, admits only to the extent that a criminal proceeding was initiated against plaintiff for the incidents of April 13, 2006, and refers all questions of law to the court.

50. Denies those allegations contained in paragraphs numbered "78" of the complaint.

### AS TO THE THIRTEENTH CAUSE OF ACTION
(Malicious Prosecution under the laws of the State of New York)

51. Repeats, reiterates and realleges each and every denial to each and every allegation contained in paragraphs numbered "1" through "78" and incorporated by reference in paragraph "79" of the complaint as if the same were more fully set forth herein at length.

8915-0025/kag

52. Denies those allegations contained in paragraphs numbered "80" of the complaint.

## AS TO THE FOURTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

53. Repeats, reiterates and realleges each and every denial to each and every allegation contained in paragraphs numbered "1" through "81" and incorporated by reference in paragraph "82" of the complaint as if the same were more fully set forth herein at length.

54. Denies those allegations contained in paragraphs numbered "83" and "84" of the complaint.

## AS TO THE FIFTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

55. Repeats, reiterates and realleges each and every denial to each and every allegation contained in paragraphs numbered "1" through "84" and incorporated by reference in paragraph "85" of the complaint as if the same were more fully set forth herein at length.

56. Denies those allegations contained in paragraphs numbered "86" of the complaint.

## AS FO THE SIXTEENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of Poughkeepsie)

57. Repeats, reiterates and realleges each and every denial to each and every allegation contained in paragraphs numbered "1" through "88" and incorporated by reference in paragraph "89" of the complaint as if the same were more fully set forth herein at length.

58. With regard to paragraph "90" of the complaint, denies to the extent that defendants engaged in wrongful conduct.

59. Denies those allegations contained in paragraphs numbered "91" of the complaint.

8915-0025/kag

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

60. All individual defendants acted in good faith and are entitled to qualified immunity.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

61. All force used, if any, was reasonable and necessary.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

62. Probable cause existed for plaintiff's arrest.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

63. Plaintiff's EIGHTH, NINTH, TENTH, ELEVENTH, TWELFTH, THIRTEENTH, FOURTEENTH, FIFTEENTH, SIXTEENTH and SEVENTEENTH causes of action fail to state a claim due to non-compliance with New York General Municipal Law §50-e *et seq*.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

64. All physical contact between the plaintiff and any individual defendant was privileged.

WHEREFORE, the defendants demand judgment dismissing the complaint of the plaintiff, plus the costs and disbursements of this action and for such other and further relief as to the Court may seem just and proper.

DATED: Poughkeepsie, New York
August 3, 2007

Yours, etc.
McCABE & MACK LLP

By: _____
Jodie M. Hanrahan (JH0817)
*Attorneys for Defendants*
63 Washington Street, P.O. Box 509
Poughkeepsie, NY 12602-0509
Tel: (845) 486-6800

8915-0025/kag

TO:  BRETT H. KLEIN, ESQ.
     LEVENTHAL & KLEIN, LLP
     *Attorneys for Plaintiff*
     45 Main Street, Suite 820
     Brooklyn, NY 11201