8915-0025/kag

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------x
MAURICE JOHNSON,

                            Plaintiff,

  -against-

CITY OF POUGHKEEPSIE, RICHARD WILSON, ERICK
THIELE, ANTHONY MARRONE, PATRICK CLARKE and
JOHN DOE and RICHARD ROE, individually and in their
official capacities (the names John Doe and Richard Roe
being fictitious, as the true names are presently
unknown),

                            Defendants.
---------------------------------------------------------------------x

ANSWER TO AMENDED
COMPLAINT

07 CV 5548 (RMB)

      The defendants by their attorneys, McCabe & Mack, LLP, as and for their answer to the complaint of the plaintiff respectfully show to the Court and allege as follows:

PRELIMINARY STATEMENT

      1.    With regard to paragraph "1" of the complaint, neither admit nor deny the statements for they state conclusions of law.

JURISDICTION

      2.    With regard to paragraphs "2" and "3" of the complaint, neither admit nor deny the statements for they state conclusions of law.

VENUE

      3.    With regard to paragraph "4" of the complaint, neither admit nor deny the statements for they state conclusions of law.

JURY DEMAND

      4.    With regard to paragraph "5" of the complaint, neither admit nor deny for it is a demand improperly contained in the complaint.

8915-0025/kag

## PARTIES

5. With regard to paragraph "6" of the complaint, these defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

6. With regard to paragraph "8" of the complaint, admit only that the City of Poughkeepsie is a municipality organized under the laws of the State of New York.

7. With regard to paragraph "9" of the complaint, admit with regard to defendants, Wilson, Thiele, Marrone and Clarke, but denies knowledge or information sufficient to form a belief with regard to defendants, John Doe and Richard Roe.

8. With regard to paragraph "10" of the complaint, neither admit nor deny because it states a conclusion of law.

## FACTS

9. With regard to paragraph "13" of the complaint, these defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

10. With regard to paragraphs "14" and "15" of the complaint, these defendants deny those allegations.

11. With regard to paragraph "16" of the complaint, admit only that the plaintiff had to be tasered as a result of his resisting a lawful arrest.

12. With regard to paragraph "17" of the complaint, these defendants deny to the extent that plaintiff was arrested without probable cause on the subject date.

13. With regard to paragraph "18" of the complaint, these defendants deny all allegations and refer all questions of law concerning the defendants' intent to the Court.

14. With regard to paragraph "19" of the complaint, admit only with respect

8915-0025/kag

to the fact that plaintiff was detained in a holding cell.

15.    With regard to paragraph "21" of the complaint, admit only to the extent that plaintiff was held in custody until he was releases on his own recognizance after he was arraigned.

16.    With regard to paragraph "22" and "23" of the complaint, these defendants deny those allegations.

## Federal Claims

### AS TO THE FIRST CAUSE OF ACTION

17.    Repeats, reiterates and realleges each and every denial to each and every allegation contained in paragraphs numbered "1" through "23" and incorporated by reference in paragraph "24" of the complaint as if the same were more fully set forth herein at length.

18.    With regard to paragraphs "25", "26", "28" and "29" of the complaint, denies those allegations.

19.    With regard to paragraph "27" of the complaint, neither admit nor deny because it states a conclusion of law.

### AS TO THE SECOND CAUSE OF ACTION

20.    Repeats, reiterates and realleges each and every denial to each and every allegation contained in paragraphs numbered "1" through "29" and incorporated by reference in paragraph "30" of the complaint as if the same were more fully set forth herein at length.

21.    With regard to paragraph "31" of the complaint, deny to the extent that plaintiff's confinement was without probable cause or privilege.

8915-0025/kag

22. With regard to paragraph "32" of the complaint, these defendants deny those allegations.

### AS TO THE THIRD CAUSE OF ACTION

23. Repeats, reiterates and realleges each and every denial to each and every allegation contained in paragraphs numbered "1" through "32" and incorporated by reference in paragraph "33" of the complaint as if the same were more fully set forth herein at length.

24. With regard to paragraphs "34" and "35" of the complaint, these defendants deny those allegations.

### AS TO THE FOURTH CAUSE OF ACTION

25. Repeats, reiterates and realleges each and every denial to each and every allegation contained in paragraphs numbered "1" through "35" and incorporated by reference in paragraph "36" of the complaint as if the same were more fully set forth herein at length.

26. With regard to paragraph "37" of the complaint, these defendants deny all allegations and refer all questions of law to the Court.

27. With regard to paragraphs "38" and "39" of the complaint, these defendants deny those allegations.

### AS TO THE FIFTH CAUSE OF ACTION

28. Repeats, reiterates and realleges each and every denial to each and every allegation contained in paragraphs numbered "1" through "39" and incorporated by reference in paragraph "40" of the complaint as if the same were more fully set forth herein at length.

8915-0025/kag

29. With regard to paragraph "41" of the complaint, admit only to the extent that a criminal proceeding was initiated against plaintiff for the incident of April 13, 2006, and refer all questions of law to the Court.

30. With regard to paragraph "42" of the complaint, these defendants deny those allegations.

## AS TO THE SIXTH CAUSE OF ACTION

31. Repeats, reiterates and realleges each and every denial to each and every allegation contained in paragraphs numbered "1" through "42" and incorporated by reference in paragraph "43" of the complaint as if the same were more fully set forth herein at length.

32. With regard to paragraphs "44" and "45" of the complaint, these defendants deny those allegations.

## AS TO THE SEVENTH CAUSE OF ACTION

33. Repeats, reiterates and realleges each and every denial to each and every allegation contained in paragraphs numbered "1" through "45" and incorporated by reference in paragraph "46" of the complaint as if the same were more fully set forth herein at length.

34. With regard to paragraph "47" of the complaint, these defendants deny those allegations.

## AS TO THE EIGHTH CAUSE OF ACTION

35. Repeats, reiterates and realleges each and every denial to each and every allegation contained in paragraphs numbered "1" through "47" and incorporated by reference in paragraph "48" of the complaint as if the same were more fully set

8915-0025/kag

forth herein at length.

36. With regard to paragraphs "49" and "50" of the complaint, these defendants deny those allegations.

### AS TO THE NINTH CAUSE OF ACTION

37. Repeats, reiterates and realleges each and every denial to each and every allegation contained in paragraphs numbered "1" through "50" and incorporated by reference in paragraph "51" of the complaint as if the same were more fully set forth herein at length.

38. With regard to paragraphs "52", "53", "54", "55", "56", "57", "58", "59" and "60" of the complaint, these defendants deny those allegations.

### Supplemental State Law Claims

39. Repeats, reiterates and realleges each and every denial to each and every allegation contained in paragraphs numbered "1" through "60" and incorporated by reference in paragraph "61" of the complaint as if the same were more fully set forth herein at length.

40. With regard to paragraph "62" of the complaint, neither admit nor deny and refers the Court to the document for its content and import.

41. With regard to paragraphs "63", "65" and "66" of the complaint, these defendants deny those allegations.

42. With regard to paragraph "64" of the complaint, admit only to the extent that this action was commenced against City of Poughkeepsie, Richard Wilson and Erick Thiele within the prescribed time period.

8915-0025/kag

### AS TO THE TENTH CAUSE OF ACTION

43. Repeats, reiterates and realleges each and every denial to each and every allegation contained in paragraphs numbered "1" through "66" and incorporated by reference in paragraph "67" of the complaint as if the same were more fully set forth herein at length.

44. With regard to paragraphs "68" and "69" of the complaint, these defendants deny those allegations.

### AS TO THE ELEVENTH CAUSE OF ACTION

45. Repeats, reiterates and realleges each and every denial to each and every allegation contained in paragraphs numbered "1" through "69" and incorporated by reference in paragraph "70" of the complaint as if the same were more fully set forth herein at length.

46. With regard to paragraphs "71" and "72" of the complaint, these defendants deny those allegations.

### AS TO THE TWELFTH CAUSE OF ACTION

47. Repeats, reiterates and realleges each and every denial to each and every allegation contained in paragraphs numbered "1" through "72" and incorporated by reference in paragraph "73" of the complaint as if the same were more fully set forth herein at length.

48. With regard to paragraph "74" of the complaint, these defendants deny all allegations and refers questions of law to the Court.

49. With regard to paragraphs "75" and "76" of the complaint, admit only that the defendants, Richard Wilson, Erick Thiele, Anthony Marrone and Patrick

8915-0025/kag

Clarke, were acting within the scope of their employment and these defendants deny all allegations of misconduct.

50. With regard to paragraphs "77" and "78" of the complaint, these defendants deny those allegations.

### AS TO THE THIRTEENTH CAUSE OF ACTION

51. Repeats, reiterates and realleges each and every denial to each and every allegation contained in paragraphs numbered "1" through "78" and incorporated by reference in paragraph "79" of the complaint as if the same were more fully set forth herein at length.

52. With regard to paragraphs "80" and "81" of the complaint, these defendants deny those allegations.

### AS TO THE FOURTEENTH CAUSE OF ACTION

53. Repeats, reiterates and realleges each and every denial to each and every allegation contained in paragraphs numbered "1" through "81" and incorporated by reference in paragraph "82" of the complaint as if the same were more fully set forth herein at length.

54. With regard to paragraph "83" of the complaint, admit only to the extent that a criminal proceeding was initiated against plaintiff for the incident of April 13, 2006, and refer all questions of law to the Court.

55. With regard to paragraph "84" of the complaint, these defendants deny those allegations.

### AS TO THE FIFTEENTH CAUSE OF ACTION

56. Repeats, reiterates and realleges each and every denial to each and

8915-0025/kag

every allegation contained in paragraphs numbered "1" through "84" and incorporated by reference in paragraph "85" of the complaint as if the same were more fully set forth herein at length.

57.    With regard to paragraph "86" of the complaint, these defendants deny those allegations.

## AS TO THE SIXTEENTH CAUSE OF ACTION

58.    Repeats, reiterates and realleges each and every denial to each and every allegation contained in paragraphs numbered "1" through "87" and incorporated by reference in paragraph "88" of the complaint as if the same were more fully set forth herein at length.

59.    With regard to paragraphs "89" and "90" of the complaint, these defendants deny those allegations.

## AS TO THE SEVENTEENTH CAUSE OF ACTION

60.    Repeats, reiterates and realleges each and every denial to each and every allegation contained in paragraphs numbered "1" through "90" and incorporated by reference in paragraph "91" of the complaint as if the same were more fully set forth herein at length.

61.    With regard to paragraph "92" of the complaint, these defendants deny those allegations.

## AS TO THE EIGHTEENTH CAUSE OF ACTION

62.    Repeats, reiterates and realleges each and every denial to each and every allegation contained in paragraphs numbered "1" through "92" and incorporated by reference in paragraph "93" of the complaint as if the same were more fully set

8915-0025/kag

forth herein at length.

63. With regard to paragraph "94" of the complaint, these defendants deny those allegations.

### AS TO THE NINETEENTH CAUSE OF ACTION

64. Repeats, reiterates and realleges each and every denial to each and every allegation contained in paragraphs numbered "1" through "94" and incorporated by reference in paragraph "95" of the complaint as if the same were more fully set forth herein at length.

65. With regard to paragraph "96" of the complaint, these defendants deny to the extent that the defendants engaged in wrongful conduct.

66. With regard to paragraph "96" of the complaint, these defendants deny those allegations.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

67. All individual defendants acted in good faith and are entitled to qualified immunity.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

68. All force used, if any, was reasonable and necessary.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

69. Probable cause existed for plaintiff's arrest.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

70. Plaintiff's TENTH, ELEVENTH, TWELFTH, THIRTEENTH, FOURTEENTH, FIFTEENTH, SIXTEENTH, SEVENTEENTH, EIGHTEENTH and NINETEENTH causes of action fail to state a claim due to non-compliance with New

8915-0025/kag

York General Municipal Law §50-e *et seq.*

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

71. All physical contact between the plaintiff and any individual defendant was privileged.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

72. Plaintiff failed to obtain personal jurisdiction over defendants, Officer Anthony Marrone and Officer Patrick Clarke, due to insufficiency of service of process.

WHEREFORE, the defendants demand judgment dismissing the complaint of the plaintiff herein, plus the costs and disbursements of this action and for such other and further relief as to the Court may seem just and proper.

DATED:  Poughkeepsie, New York
        February 27, 2008

                                        Yours, etc.
                                        McCABE & MACK LLP

                                        By: _____
                                            Jodie M. Hanrahan (JH0817)
                                            *Attorneys for Defendants*
                                            63 Washington Street, P.O. Box 509
                                            Poughkeepsie, NY 12602-0509
                                            Tel: (845) 486-6800

TO:  BRETT H. KLEIN, ESQ.
     LEVENTHAL & KLEIN, LLP
     *Attorneys for Plaintiff*
     45 Main Street, Suite 820
     Brooklyn, NY 11201